UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE RILEY,

       Plaintiff,                                     Hon. Wendell A. Miles

v.                                                    Case No. 1:05 CV 269

UNKNOWN KURTZ,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Kurtz's Rule 12(b)(6) Motion for Dismissal or, Alternatively, Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted** and Plaintiff's action be **dismissed without prejudice**.

### BACKGROUND

Plaintiff claims that he has previously "assisted various prisoners with complaints against defendant - - particularly for depriving them of an opportunity to use the toilet." (Dkt. #1 at ¶ 6). Plaintiff asserts that as a result of his actions Defendant retaliated against him by falsely charging him with two separate major misconduct violations. *Id.* at ¶¶ 13-20. Plaintiff further asserts that Defendant improperly refused his requests for medical treatment. *Id.* at ¶¶ 16-21. Plaintiff asserts that Defendant's conduct violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as certain provisions of Michigan law. *Id.* at ¶¶ 33-39. For the reasons discussed

below, the Court concludes that Plaintiff's complaint must be dismissed for failure to exhaust all available administrative remedies.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively

exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Furthermore, the Sixth Circuit recently held that the Prison Litigation Reform Act mandates "total exhaustion." *Jones-Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Thus, when a prisoner files a "mixed" complaint, alleging both exhausted and unexhausted claims, the entire action must be dismissed if the prisoner has failed to exhaust all available administrative remedies as to *any* of the claims in the complaint. *Id.* at 805-09.

Plaintiff has failed to submit with his complaint copies of any grievances (or responses thereto) he allegedly submitted regarding the allegations advanced in his complaint. Moreover, Plaintiff has failed to respond in any way to the present motion. While Plaintiff asserts in his complaint that he "filed a grievance with the prison administration," (dkt. #1 at ¶ 29), he fails to identify against whom this grievance was filed, precisely what issues were advanced in the grievance, and also fails to indicate whether he pursued this grievance through Step III of the grievance process. In sum, Plaintiff has failed to establish that he exhausted all available administrative remedies pursuant to the standard articulated above. Accordingly, the Court recommends that Defendant's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant Kurtz's Rule 12(b)(6) Motion for Dismissal or, Alternatively, Rule 56(b) Motion for Summary Judgment</u>, (dkt. #12), be **granted** and Plaintiff's action be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: November 8, 2005                               /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge