UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE RILEY,

    Plaintiff,

v          No. 1:05 cv 269

"JANE DOE" KURTZ (Clock No. 209),

    Defendant.

                                        /

ORDER ON PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This is an action filed by a Michigan prisoner under 42 U.S.C. § 1983.  The defendant filed a motion for dismissal or, alternatively, summary judgment, raising various issues, including exhaustion of administrative remedies.  On November 8, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that defendant's motion be granted and that the action be dismissed without prejudice based on plaintiff's failure to establish that he had exhausted all available administrative remedies.  Plaintiff filed timely objections to the R&R (docket no. 21).  Plaintiff subsequently also filed an untimely supplement to his objections (docket no. 22).  In his objections, plaintiff argues that he has "pursued each of his grievances through the three (3) steps (i.e., Step I, Step II, and Step III)."  Plaintiff further states that he "recalls mailing proof of exhaustion to this Honorable Court and a copy of the same on the attorney general of record by

first-class mail." The defendant has not responded to plaintiff's objections.

The court, having reviewed the R&R filed by the United States Magistrate Judge in this action, having reviewed the relevant portions of the file in this case and in the previously filed case of Riley v. Kurtz, No. 1:03-cv-613 (W.D. Mich. Sept. 24, 2003) ("Riley v. Kurtz I"), and having reviewed plaintiff's objections, concludes that plaintiff has established that he has exhausted his administrative remedies.

## Discussion

On September 24, 2003, plaintiff filed Riley v. Kurtz I, raising claims identical to those which he would later assert in the present action. On December 5, 2003, the court dismissed Riley v. Kurtz I without prejudice for lack of exhaustion.

On February 23, 2004, after Riley v. Kurtz I had been dismissed for lack of exhaustion, plaintiff sent the court a letter, to which he appended a copy of a Step III appeal of a grievance concerning the denial of medical care and alleged illegal retaliation, which he alleged arose from the same incident on July 28, 2002. On March 23, 2004, plaintiff again sent the court a letter, this time enclosing a copy of a Step I grievance which he had filed complaining of being falsely charged with a major misconduct (theft) by defendant Kurtz on May 6, 2002. On April 23, 2004, plaintiff once again sent correspondence to the court, consisting of a copy of a letter which he had sent to the grievance coordinator at the Lakeland Correctional Facility, requesting a Step II appeal of the grievance arising from the May 6, 2002 incident.

On December 3, 2004, approximately one year after the dismissal of Riley v. Kurtz I,

2

plaintiff re-submitted his civil complaint in Riley v. Kurtz I for filing, changing the date on the document and including on its face the case number of this dismissed action.  On December 7, 2004, the Magistrate Judge entered an order rejecting the new complaint for filing, on the basis that the case had been dismissed for lack of exhaustion.  Plaintiff later wrote to the court asking it to "rescind" the order rejecting the new complaint for filing in the dismissed action.  Construing plaintiff's letter as a motion to vacate the December 7, 2004 order and to re-open Riley v. Kurtz, the court denied the request to re-open the case, but noted that if plaintiff wished to re-file his claims as part of a new action upon exhaustion of administrative remedies, he could do so.  Plaintiff later re-submitted his complaint, which was docketed in the present case on April 7, 2005.  Plaintiff's complaint in this action is virtually identical to the one he filed in Riley v. Kurtz I.  In a "Verification" included at the conclusion of his pleading, plaintiff has declared, among other things, that "[b]oth grievances have been filed to the Third Step."  In addition, in a cover letter which he submitted with his pleading, plaintiff stated that he could not find a copy of the "Step-I Grievance and attachments" and that he was "unable to ascertain at this particular time" whether he had already sent them to the court.

      The court concludes that plaintiff's submissions both in this case and in Riley v. Kurtz I, when viewed together, indicate that plaintiff filed grievances regarding each of the incidents in question and that he appealed to Step III.  The court concludes that although plaintiff has done so in an awkward and cumbersome manner, he has sufficiently established exhaustion of his administrative remedies.  The Magistrate Judge therefore erred in concluding that this action should be dismissed without prejudice for lack of exhaustion.

3

## **Conclusion**

This matter is recommitted to the United States Magistrate Judge for the purpose of consideration of the remaining issues raised in defendant's motion.

Entered this 10th day of February, 2006.

                                                        /s/ Wendell A. Miles
                                                      Wendell A. Miles
                                                      Senior U.S. District Judge