UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE RILEY,

                Plaintiff,                             Case No. 1:05-cv-269

v.                                                 Hon. Wendell A. Miles

UNKNOWN KURTZ,

                Defendant.
_____/

**OPINION**

        This matter is before the Court on Defendant Kurtz's Rule 12(b)(6) Motion for Dismissal or, Alternatively, Rule 56(b) Motion for Summary Judgment.  (Dkt. #12).  For the reasons articulated herein, Defendant's motion is **granted** and Plaintiff's action **dismissed**.

**BACKGROUND**

        Plaintiff claims that he has previously "assisted various prisoners with complaints against defendant - - particularly for depriving them of an opportunity to use the toilet."  (Dkt. #1 at ¶ 6). Plaintiff asserts that as a result of his actions Defendant retaliated against him by falsely charging him with two separate major misconduct violations.  *Id.* at ¶¶ 13-20.  Plaintiff further asserts that Defendant improperly refused his requests for medical treatment.  *Id.* at ¶¶ 16-21.  Plaintiff asserts that Defendant's conduct violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as certain provisions of Michigan law.  *Id.* at ¶¶ 33-39.

Defendant submitted the present motion, asserting that Plaintiff's complaint should be dismissed for failure to properly exhaust all available administrative remedies. Defendant further asserted that she is entitled to summary judgment in this matter. In a Report and Recommendation, the Honorable Ellen S. Carmody recommended that Plaintiff's complaint be dismissed without prejudice for failure to properly exhaust administrative remedies. (Dkt. #20). The Court disagreed, finding that Plaintiff had, in fact, properly exhausted the claims presented herein. (Dkt. #24). The Court has since considered Defendant's claim that she is entitled to summary judgment in this matter. As discussed below, the Court concludes that Defendant is entitled to summary judgment as to Plaintiff's claims that his federal constitutional rights were violated. The Court further declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## LEGAL STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

I.          **Plaintiff's Fourteenth Amendment Claim**

Plaintiff asserts that his Fourteenth Amendment right to due process was violated by Defendant's allegedly retaliatory conduct described above. Plaintiff has not indicated whether he is

asserting a violation of his substantive or procedural due process rights. This failure is of no consequence, however, as neither claim has merit.

A.      Substantive Due Process

In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court addressed the interaction between substantive due process and those rights specifically protected by the Bill of Rights, as well as the proper constitutional foundation upon which to base a § 1983 action.

In that case, Albright was charged with selling a substance that looked like an illegal drug. Following a preliminary hearing, Albright was bound over for trial; however, the court later dismissed the charges because the offense with which Albright was charged did not state an offense under Illinois law. Albright subsequently initiated a § 1983 action in which he charged Oliver, a detective involved in the case, with depriving him of his Fourteenth Amendment substantive due process rights by subjecting him to criminal prosecution without probable cause. *Id.* at 268-70.

The Court observed that substantive due process protection had "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.* at 272 (citing *Planned Parenthood of Southeast Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)). The Court noted the dissimilarity between Albright's claim and the substantive due process rights recognized previously, and further noted its reluctance to expand the concept of substantive due process. *Id.* at 271-72.

The Court then discussed the fact that a number of the protections contained in the Bill of Rights have been made applicable to the states via the Fourteenth Amendment. The Court observed that this process has resulted in the substitution of the specific guarantees of these portions of the Bill of Rights for the more generalized language of the Fourteenth Amendment. *Id.* at 272-73. The Court,

therefore, concluded that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Applying this standard, the Court concluded that Albright's allegations directly implicated the Fourth Amendment, pursuant to which he must bring his claim, because substantive due process could afford him "no relief." *Id.* at 274-75.

Here, Plaintiff alleges that his due process rights were violated because Defendant allegedly retaliated against him for exercising his constitutional rights. As discussed below, Plaintiff's right to not be subjected to retaliation is protected by the First Amendment. Therefore, as in *Albright*, substantive due process can provide Plaintiff no relief. Accordingly, to the extent that Plaintiff's claims implicate his substantive due process rights, such claims are dismissed.

### B.      Procedural Due Process

To establish a procedural due process claim pursuant to § 1983, Plaintiff must establish the deprivation of a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999), *cert. denied*, 529 U.S. 1020 (2002) (citing *Zinermon v. Burch*, 494 U.S.113, 125-26 (1990)).

As the Supreme Court has recognized, liberty interests protected by the Fourteenth Amendment "will generally be limited to freedom from restraint which, while not exceeding the sentence. . .nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *see also*, *Selby v. Martin*, 84 Fed.Appx. 496, 2003 WL 22976525 at *1 (6th Cir., Dec. 2, 2003).

Not every deprivation is of constitutional significance, instead only those deprivations carried out without due process state a claim under § 1983. *See Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The fundamental requirement of procedural due process is the right to be heard "at a meaningful time and in a meaningful manner." *Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Plaintiff asserts that his due process rights were violated because Defendant falsely charged him with two major misconduct violations. Hearings were conducted regarding these charges. (Dkt. #13, Exhibits C-F). Plaintiff attended these hearings and was given the opportunity to present his version of events. *Id.* Accordingly, the Court finds that Plaintiff's procedural due process rights were not violated. To the extent, therefore, that Plaintiff asserts a procedural due process claim, the Court finds that Defendant is entitled to summary judgment.

## II.        Plaintiff's First Amendment Claims

Plaintiff asserts that Defendant improperly charged him with two major misconduct violations in retaliation for having "assisted various prisoners with complaints against defendant."

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

A.      Protected Conduct

Subject to legitimate penological restrictions, inmates generally possess the right to obtain legal assistance from other inmates (i.e., jailhouse lawyers). *See McElhaney v. Elo*, 2000 WL 1477498 at *3 (6th Cir., Sep. 25, 2000) (citing *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993)).  However, to the extent that a jailhouse lawyer can be said to possess the "right" to assist another prisoner with his legal matters, such "is wholly derivative of the inmate/client's right of access to the courts." *McElhaney*, 2000 WL 1477498 at *3 (citing *Gibbs*, 10 F.3d at 378).  Thus, any legal claim which may arise from the alleged interference in the relationship between a jailhouse lawyer and his "client" belongs to the client, not the jailhouse lawyer. *See McElhaney*, 2000 WL 1477498 at *3.

In short, inmates generally possess no constitutional right to provide legal assistance to other prisoners. *See Shaw v. Murphy*, 532 U.S. 223, 225-32  (2001) ("beyond the protection normally accorded prisoners' speech," prisoners possess no right to provide legal assistance to other inmates); *Smith v. Campbell*, 250 F.3d 1032, 1037 n.1 (6th Cir. 2001) ("prisoners do not possess a special First Amendment right to provide legal assistance to fellow inmates").

There exists an exception to this general rule applicable in circumstances in which "the inmate[s] receiving the assistance would otherwise be unable to pursue legal redress." *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002).  Plaintiff has submitted no evidence indicating that this exception is presently applicable.  Accordingly, to the extent that Plaintiff was assisting other prisoners pursue grievances against Defendant (or any other prison official) the Court finds that Plaintiff was not engaged in constitutionally protected conduct.

B.      Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).  As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603. Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.*

The consequences of a major misconduct violation (e.g., detention and deprivation of privileges) are certainly capable of deterring a person of ordinary firmness from exercising his constitutional rights.  Accordingly, the Court finds that there exist questions of material fact regarding this particular element of the analysis.


C.  Causal Connection

Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged.  In examining this element, Defendant's subjective motivation is at issue, and as has been recognized, while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As the Sixth Circuit has stated, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation

must include a chronology of events from which retaliation may plausibly be inferred") (citations omitted).  Furthermore, if Defendant demonstrates that she "would have taken the same action in the absence of the protected activity," she is entitled to summary judgment.  *Thaddeus-X*, 175 F.3d at 399.  A review of the major misconduct charges presently at issue reveals that such were not motivated by Plaintiff's conduct assisting other prisoners file grievances against Defendant.

The first misconduct charged Plaintiff with theft and possession of stolen property.  (Dkt. #13, Exhibit C).  Defendant observed Plaintiff in the housing unit with several food items which he did not have authority to possess.  Accordingly, she charged Plaintiff with theft.  *Id.*  Plaintiff denied that the food items had been stolen.  (Dkt. #13, Exhibit D).  While the hearing officer concluded that "there is not enough evidence [that] the food was stolen," he agreed with Defendant that Plaintiff was not entitled to possess the food items in the housing unit.  Accordingly, Plaintiff was found guilty of possessing contraband.  *Id.*

The other misconduct charged Plaintiff with being "out of place."  (Dkt. #13, Exhibit E).  Specifically, Defendant reported that Plaintiff improperly entered the bathroom "during formal count."  *Id.*  At the hearing, Plaintiff did not dispute that he was "out of place," but asserted that he had entered the bathroom because he was feeling ill.  (Dkt. #13, Exhibit F).  In the absence of evidence disputing Plaintiff's assertion, the hearing officer dismissed the charge.  *Id.*  In sum, there existed a legitimate factual basis (as evidenced by Plaintiff's statements at the hearings) for both of the major misconduct charges asserted against Plaintiff.

Defendant has also submitted an affidavit in which she asserts that she issued these two misconduct charges against Plaintiff for legitimate reasons completely unrelated to any legal assistance which Plaintiff may have been providing to other prisoners.  (Dkt. #13, Exhibit A).  Furthermore,

Defendant asserts that she had no knowledge that Plaintiff was engaged in such activity. *Id.* Plaintiff, on the other hand, has presented no evidence to support his claim of retaliation and, in fact, did not even respond to Defendant's motion for summary judgment.

As noted above, the Court finds that Plaintiff was not engaged in protected conduct. However, even if Plaintiff was engaged in protected conduct, Defendant has established that such conduct was not a "motivating factor" in her decision to charge Plaintiff with the two major misconduct violations discussed above. In other words, Defendant has established that these misconduct charges would have been issued in the absence of Plaintiff's allegedly protected activity. Accordingly, Defendant is entitled to summary judgment as to Plaintiff's retaliation claims.

**III.        Plaintiff's Eighth Amendment Claims**

Plaintiff asserts that Defendant violated his Eighth Amendment rights "by exhibiting deliberate indifference" to his "urgent, serious medical needs." Plaintiff's claim fails because he has failed to establish either that he experienced a serious medical need or (assuming he experienced such a need) that Defendant was deliberately indifferent to such.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."  *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).  However, when an inmate claims that his requests for medical treatment were delayed (rather than denied), the objective component of the analysis focuses on the effect of the alleged delay in treatment.  *See Napier*, 238 F.3d at 742.

As Plaintiff acknowledges in his complaint, he was not denied medical treatment, but instead simply failed to receive medical treatment as quickly as he would have preferred.  Plaintiff asserts that he "was sick and had severe stomach discomfort and experienced terrible pain in his side." (Dkt. #1 at ¶ 17).  He further asserts that he "was vomiting and needed to use the bathroom very urgently."  *Id.* at ¶ 18.  Plaintiff asserts that Defendant ignored his requests to receive immediate medical attention, but acknowledges that he was treated by medical personnel the following morning.  *Id.* at ¶¶ 20-22.  Plaintiff's treatment consisted of him being given a "special diet tray" that day.  *Id.* at ¶ 22.

As previously noted, when an inmate claims that his requests for medical treatment were delayed (rather than denied), the objective component of the analysis focuses on the effect of the alleged delay in treatment.  In this respect, the Sixth Circuit has held that when an inmate asserts that a "delay in medical treatment rose to a constitutional violation [he] must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier*, 238 F.3d at 742. Failure to present such evidence will result in summary judgment for Defendant.  *Id.* at 742-43; *see also*, *Nur v. Anderson*, 2001 WL 1006278 at *1 (6th Cir., Aug. 24, 2001); *Vaughn v. City of Lebanon*, 2001 WL 966279 at *19-20 (6th Cir., Aug. 16, 2001).

Plaintiff has not responded to Defendant's motion, but instead is relying on the unsubstantiated assertions in his complaint.  However, such assertions fail to demonstrate that Plaintiff experienced any detrimental effects from the alleged delay in treatment he experienced.  Even if Plaintiff had presented such evidence, however, Plaintiff has presented no evidence that Defendant knew (or even should have known) that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."

Defendant asserts that she spoke with Plaintiff regarding his medical complaints.  (Dkt. #13, Exhibit A).  She asserts that "the situation [Plaintiff] described to me was not considered urgent or emergent or life-threatening."  *Id.*  Plaintiff has presented no evidence to refute Defendant's assertions. Moreover, Plaintiff has presented no medical evidence calling into question Defendant's assessment of his then present medical condition.  In sum, Plaintiff has failed to establish either the objective or subjective components of the analysis.  Accordingly, Defendant is entitled to summary judgment as to Plaintiff's Eighth Amendment claims.

**IV.**        **Plaintiff's State Law Claims**

Having concluded that Defendant is entitled to summary judgment as to Plaintiff's federal constitutional claims, the Court turns its attention to Plaintiff's various state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims and instead dismisses all such claims without prejudice.

**CONCLUSION**

For the reasons articulated herein, the Court **grants** Defendant Kurtz's Rule 12(b)(6) Motion for Dismissal or, Alternatively, Rule 56(b) Motion for Summary Judgment, (dkt. #12). Plaintiff's federal constitutional claims are hereby dismissed with prejudice. Plaintiff's state law claims are hereby dismissed without prejudice. An Order consistent with this Opinion will enter.


Date:  March 30, 2006                           /s/ Wendell A. Miles
                                                Wendell A. Miles
                                                Senior U.S. District Judge